IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RACINE CAR DEALER, LLC,

                Plaintiff,              OPINION AND ORDER

v.

                                            22-cv-322-wmc

HYUNDAI MOTOR AMERICA,

                Defendant.

Plaintiff Racine Car Dealer, LLC, a former Hyundai and Genesis motor vehicle dealer, alleges that defendant Hyundai Motor America mislead it, withheld information, and changed the rules and policies concerning Hyundai's dealer incentive program without notice, forcing plaintiff to terminate the Genesis side of its dealership before selling its franchise to a third party.  Plaintiff is proceeding to trial on claims under the Wisconsin Motor Vehicle Dealer Law, the Automobile Dealers' Day in Court Act, and Wisconsin contract law.  The case is scheduled for jury trial on January 22, 2024, with a final pretrial conference ("FPTC") scheduled for January 9, and if necessary, January 16 at 2:30 p.m.  This order addresses the parties' motions in limine.

OPINION

A. Plaintiff's Omnibus Motions in Limine (dkt. #73)

    1. Exclude Expert Opinions and Report of Sharif Farhat

Plaintiff argues that defense expert Sharif Farhat's testimony and his October 24, 2023, report must be excluded because:  (1) they will not help the jury understand the evidence or determine a fact in issue; and (2) the opinions are not based on sufficient facts,

data, the product, or reliable principles or methods. The admissibility of expert opinion is guided by Rule 702, which the Supreme Court has interpreted as allowing expert testimony that is both reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993); Fed. R. Evid. 702. In turn, the Seventh Circuit has boiled down the requirements of Rule 702 into a three-part test requiring the district courts to evaluate: "(1) the proffered expert's qualifications; (2) the reliability of the expert's methodology; and (3) the relevance of the expert's testimony." *Gopalratnam v. Hewlett-Packard Company*, 877 F.3d 771, 779 (7th Cir. 2017).

As an initial matter, no experts' reports will be admitted at trial as they are for the most part classic hearsay, though portions constituting demonstrative charts and graphs, 1006 summaries and other documents may be at least shown to the jury, if not separately admitted into the record under the Federal Rules of Evidence. Further, plaintiff does not challenge Farhat's qualifications, only the relevance and reliability of his opinions. Specifically, Farhat, an automotive industry dealership expert, opines in his report that: (1) it is reasonable for defendant to support dealer efforts to improve brand representation by encouraging facility investments through the Accelerate Incentive Program; (2) plaintiff's now-rejected claim that the Accelerate Incentive Program disadvantages small market Hyundai dealers is contrary to market data; and (3) plaintiff's claim that defendant, through the Accelerate Incentive Program, coerces dealers to terminate their Genesis franchises is incorrect. Defendant responds that Farhat has never been excluded as an expert in any matter, followed an eight-step methodology in reaching his opinions, and here relied on deposition transcripts and exhibits, summary judgment briefing, Accelerate

Incentive Program documents, defendant's communications to its dealer network about the program, sales and dealership data, automotive registration data, and data concerning program payments and accruals to Wisconsin dealers.

Because defendant states that it will not offer his second opinion, plaintiff's motion with respect to that opinion is GRANTED as unopposed. That leaves opinions nos. 1 and 3, which may be relevant depending on what the parties are required to prove with respect to plaintiff's exclusive facilities claim under the Wisconsin Motor Vehicle Dealer Law. *See* Wis. Stat. § 218.0116(1)(wm). The court is unconvinced that the first and third opinions are even reasonably in dispute, and if so, both are arguably legal questions for the court. As to the third opinion in particular, the parties' factual positions continue to be two ships passing in the night. Legally, defendant claims that plaintiff must prove that defendant *unreasonably* required or coerced (or attempted to require or coerce) plaintiff to provide exclusive facilities, while plaintiff argues it needs simply to prove that defendant "coerced" or "attempted to coerce" plaintiff into providing exclusive facilities, with the burden shifting to defendant to show reasonableness. Because these disputes and lack of clarity will likely affect the jury instructions and verdict form as well, the court RESERVES in part on the remainder of this motion with respect to the relevance of Farhat's first and third opinions for further discussion with the parties at the final pretrial conference.

2. **Exclude the January 10, 2020, email or limit references regarding the email**

Plaintiff argues that an email sent by Karen Mendez to "All Hyundai Dealers," announcing the Accelerate Incentive Program and its terms and conditions, dated January

3

10, 2020, should be excluded as irrelevant absent credible evidence that it was received by general manager James Bozich or anyone else at Racine Car. Alternatively, plaintiff argues that defendant should be prohibited from referring to, or implying, that the email was an all-dealer email that someone at Racine Car would have received because: (1) there is no group email address associated with "All_Hyundai_Dealers@hmausa.com;" and (2) the original email that included the actual dealer emails in the blind copy recipient field has been deleted.[1]

      As an initial matter, the email is relevant to the parties' factual dispute as to whether Bozich or anyone else at Racine Car was adequately informed of defendant's Accelerate Incentive Program, as well as the reasonableness or coerciveness of HMA's conduct overall. Regardless, as the court noted in its summary judgment opinion, defendant has "presented evidence that Bozich was on the email distribution list," even though Bozich maintains that he never saw the email because it was sent to his old "homerunautogroup.com" email address, rather than his "sbcglobal.net" email address. (Dkt. #60 at 8 n.4.) In addition, while plaintiff emphasizes that there is now no way to confirm who the email was sent to, or which specific dealer email addresses were included in the recipient field, defendant points to Mendez's testimony that (1) she habitually blind copied all-dealer emails to the specific dealer emails in a "regional dealer directory" produced during discovery, and (2)

---

[1] Plaintiff also notes that Mendez was uncertain at her deposition whether the email produced in discovery was the same email she actually sent, since the former attached two copies of a policy while the list of attachments at the top of that email listed only one. (Dkt. #73 at 5-6.) Although Mendez was not sure why there were two copies of the policy attached to the email (dkt. #75 at 18:10-23), defendant explains that this is simply because the policy was "both incorporated and attached to the Accelerate Incentive Program Official Program Rules, and independently attached as a separate document." (Dkt. #80 at 6 n.1.)

4

Bozich's email would have been included if his email was in that directory. (*See* dkt. #75 at 16:18-23, 25:7-22, 30:16-21 (discussing copying emails into the blind copy recipient field).) Although Bozich's "homerunautogroup.com" email is included on the "Current Dealer Email List as of 9.2020" (dkt. #21-20), defendant has also produced a January 6, 2020, "Email Distribution List" that includes Bozich's "sbcglobal.net" email and Baisch's email (*see* dkt. ##21-13; 21 at ¶ 18 (dating the list)). Defendant further asserts that Mendez sent another email regarding the program 21 days later to the same "All Hyundai Dealers" group that included Bozich and Basich as recipients, and specifically to Bozich's preferred "sbcglobal.net" email address. Defendant also anticipates that Racine Car's then-acting general manager, Adrian Basich, will testify that he was aware of the January 10, 2020, email, and its requirements, and Bozich regularly used the "homerunautogroup.com" email address during his operation of Racine Car.

In short, plaintiff's motion is premised on a material fact very much in dispute. That plaintiff argues the email is "highly prejudicial" because the jury might conclude that Bozich received it only underscores this point. (Dkt. #73 at 10.) Whether or not Bozich or others at Racine received the email, and how credible the parties' respective evidence is on this point, are issues for the jury to decide. Accordingly, plaintiff's motion to exclude the email or to limit testimony regarding the email is DENIED.

B. Defendant's Motions in Limine

    1. **Exclude reference to or evidence of other lawsuits (dkt. #62)**

Defendant contends that plaintiff should be precluded from introducing evidence and argument regarding other lawsuits against Hyundai Motor America because such

5

evidence would be irrelevant and unduly prejudicial. This motion is GRANTED as unopposed. (Dkt. #83.)

### 2. Exclude New York Lobbying Group's letter criticizing defendant's Accelerate Incentive Program (dkt. #63)

Defendant contends that plaintiff should be precluded from introducing or referring to a November 4, 2020, letter by the New York State Automobile Dealers Association that criticizes the Accelerate Incentive Program on the grounds that it is inadmissible hearsay and irrelevant and unduly prejudicial. The motion is also GRANTED as unopposed. (Dkt. #83.)

### 3. Exclude hearsay news articles (dkt. #64)

Finally, defendant contends that plaintiff should be precluded from introducing evidence or argument regarding news articles about Hyundai Motor America as irrelevant and inadmissible hearsay. The motion is further GRANTED as unopposed. (Dkt. #83.)

ORDER

IT IS ORDERED that:

1) Plaintiff's motion in limine no. 1 (dkt. #73) is GRANTED in part as indicated above. The court RESERVES ruling in part on plaintiff's motion in limine no. 1 to allow further discussion with the parties at the final pretrial conference. Plaintiff's motion in limine no. 2 (dkt. #73) is DENIED.

2) Defendant's unopposed motions in limine (dkt. ##62, 63, 64) are GRANTED.

Entered this 2nd day of January, 2024.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge